IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN J. McCARTHY, Inmate #38051-066,  )
                                       )
        Petitioner,                    )
                                       )
vs.                                    )    CIVIL NO. 05-638-MJR
                                       )
RANDY J. DAVIS,                        )
                                       )
        Respondent.                    )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis*. **IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Petitioner presents four grounds for relief in his petition. The first three grounds challenge the process used in effecting his transfer from the United States Penitentiary in Leavenworth, Kansas, to the United States Penitentiary in Marion, Illinois. Although the writ of habeas corpus pursuant to 28 U.S.C. § 2241 is usually limited to challenges to the execution of the sentence, *see Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991), the writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir.1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited

> reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation--then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

Because the first three grounds presented by Petitioner appear to fit within the Seventh Circuit's above-noted exception, he will be allowed to proceed on those grounds.

However, Petitioner's fourth ground for relief has to do with the medical care he has received at Marion. Claims of deliberate indifference to serious medical needs are challenges to the conditions of a prisoner's confinement and the remedy is "a different program or location or environment." Such claims may be brought only in a civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 385-88 (7th Cir. 2005). Petitioner cannot obtain the relief he seeks in the petition on this ground and the ground must be dismissed.

In summary, Petitioner is allowed to proceed on grounds 1, 2, and 3 of his petition. Ground 4 is **DISMISSED** from the action.

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States

Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 20th day of September, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
